UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN NEIGHBORHOOD
MORTGAGE ACCEPTANCE
COMPANY, LLC, doing business
as ANNIEMAC HOME
MORTGAGE,

      Plaintiff,

v.

GOLD STAR MORTGAGE
FINANCIAL CORPORATION,

      Defendant.
_____/

Case No. 2:21-mc-50703
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S INITIATING MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH SUBPOENA (ECF No. 1)

This matter came before the Court for Plaintiff's initiating motion[1] to compel Defendant Gold Star Mortgage Financial Corporation's (Gold Star's) compliance with a subpoena (ECF No. 1), Gold Star's response in opposition (ECF No. 3), Plaintiff's reply brief (ECF No. 4), and the joint statement of unresolved issues (ECF No. 10). Judge Goldsmith referred this motion to me for a hearing and

---

[1] This is a miscellaneous action related to an underlying matter currently pending in the United States District Court for the District of New Jersey. (ECF No. 1, PageID.8.) Defendant Gold Star Mortgage Financial Corporation (Gold Star) is now a non-party to that underlying matter, having been dismissed for lack of personal jurisdiction.

determination. (ECF No. 5.) As a result of the COVID-19 pandemic, a hearing via Zoom technology was held on July 22, 2021, at which counsel appeared and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's initiating motion to compel Defendant's compliance with a subpoena (ECF No. 1), as narrowed by the parties' joint statement of unresolved issues (ECF No. 10), is **GRANTED IN PART** and **DENIED IN PART** as follows:

- Pursuant to the parties' joint statement of unresolved issues (ECF No. 10), **Requests to Produce (RTP) #1-5, and 11-14** (ECF No. 1-4, PageID.150-152) have been resolved, and the parties must comply with the agreements made thereinwithin the timeframe established below.

- The Court **ORDERS** compliance with **RTP #6** (ECF No. 1-4, PageID.151) for all loan files closed by the Lund Office Branch within 90 days after the branch opening date (October 1, 2018). For loan files opened by the Lund Branch Office in the 90 days before the branch opening, the Court **ORDERS** Gold Star's compliance for the 50 names identified in Plaintiff's Second Amended Complaint (*See* ECF No. 1-2, PageID.53, ¶¶ 103-104), as well as 75 specific additional names (to be identified by Plaintiff) of customers or business opportunities Plaintiff reasonably believes to have been diverted, who/which the Court encourages Plaintiff to identify by using criteria such as its own contacts, audit trail reports, credit reports pulled, files opened or closed, active processes, solicitations, and/or open loan lists.

- The Court **ORDERS** compliance with **RTP #7** (ECF No. 1-4, PageID.151), now reformulated to read: "Documents sufficient to

  illustrate each loan file that closed within 90 days of the Lund Branch opening for which Defendant earned remuneration."

- The Court **ORDERS** compliance with **RTP #8** (ECF No. 1-4, PageID.151), as stated.

- For the 50 customers identified in the Second Amended Complaint as well the 75 additional customers Plaintiff has been directed to identify above, the Court **ORDERS** Gold Star to comply with **RTP #9** by producing documents sufficient to demonstrate any credit inquiries requested by any Lund Branch Office (including Lund) employee from: (1) April 1, 2018 up to the date on which he or she began employment with Gold Star, and (2) within 90 days after the date he or she began employment with Gold Star.

- With regard to **RTP #10**, the Court **ORDERS** Gold Star to produce documents sufficient to identify each loan file referred by any Lund Branch Office employee (including Lund) to another employee or agent of Gold Star before the Lund Branch Office employee was hired by Gold Star.

Gold Star must **PRODUCE** the documents identified above by **Thursday, August 5, 2021**, to the extent that they require no further information from Plaintiff.  Gold Star shall respond to all requests which await a list from Plaintiff (*e.g.*, Nos. 6 & 9) within 14 days of the list being provided.  No costs awarded, neither party having prevailed.  Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

Dated: July 22, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE